MC-12175
SJC/MBC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:16-cv-60379-WJZ

PORT CONSOLIDATED, INC.,

    Plaintiff,

v.

INTERNATIONAL INSURANCE
COMPANY OF HANNOVER, PLC,

    Defendant,
_____/

**AMENDED COMPLAINT**

COMES NOW, the Plaintiff, PORT CONSOLIDATED, INC., by and through undersigned counsel, and hereby files its Amended Complaint against Defendant, INTERNATIONAL INSURANCE COMPANY OF HANNOVER, PLC, and as grounds therefore would state the following:

**JURISDICTION**

1.    This is an action for damages in excess of $75,000.00, exclusive of interest, attorney's fees and costs.

2.    At all times material to this action, the Plaintiff, PORT CONSOLIDATED, INC. (hereinafter referred to as "Insured"), was a corporation duly licensed to transact insurance in the State of Florida and maintains agents for the transaction of its customary business in Broward County, Florida.

3.    At all times material to this action, the Defendant, INTERNATIONAL INSURANCE COMPANY OF HANNOVER, PLC (hereinafter referred to as "Defendant"),

was a corporation duly licensed to transact insurance in the State of Florida and maintains agents for the transaction of its customary business in the State of Florida.

## FACTUAL BACKGROUND

4. INTERNATIONAL INSURANCE COMPANY OF HANNOVER, PLC, issued several policies of insurance to the Insured in Broward County, Florida. Policy No. CPR14E017203 was in effect from January 1, 2014 to January 1, 2015. What is represented to be a true copy of said policy is attached hereto as Exhibit A. Policy No. CPR15E017204 was in effect from January 1, 2015 to January 1, 2016. What is represented to be a true copy of said policy is attached hereto as Exhibit B.

5. Said policies provide commercial property insurance coverage to Port Consolidated, Inc., and constitute valid and binding insurance contracts.

6. Pursuant to the terms of the insurance policies, Defendant agreed to provide insurance coverage for direct physical loss to covered property at a covered location caused by a covered peril.

7. In February of 2015, it was discovered that certain persons were involved in the theft of diesel fuel from Plaintiff's facility located at 6951 Garden Road, in Riviera Beach, Florida.

8. The Insured timely notified and presented a claim to Defendant as soon as the theft was discovered.

9. The claim is a covered claim under the insurance contracts.

10. Defendant acknowledged the claim, which is the subject of this action, and assigned it claim number EIHH-0356A9.

11. On July 1, 2015, Defendant issued a reservation of rights letter to Plaintiff and

stating that the Insured should expect to receive written requests for documentation. Said letter is attached as Exhibit C.

12. On July 29, 2015, Defendant requested documents from the Insured including fifty-three requests for corporate organization, employee history, financial, licensing, agreement and protocol information. Said request is attached as Exhibit D.

13. The Insured timely complied with the Defendant's request. A copy of the summary of responses is attached hereto as Exhibit E.

14. On October 1, 2015, the Defendant made additional requests for information, including employee personnel files, financial documents, and claims information. Said request is attached as Exhibit F.

15. On November 24, 2015, the Insured responded to the Defendant's additional requests. A copy of said response is attached as Exhibit G.

16. As of the filing of the Complaint, Defendant has neither confirmed that there is coverage for this loss nor denied coverage and has failed to issue any payment to Plaintiff for the covered losses.

17. Defendant has failed to indemnify Plaintiff for the covered loss and pay statutory interest incurred as a result of the subject loss.

18. The Plaintiff has complied with all conditions precedent and all duties imposed upon it under Florida law and the insurance policy for payment of its claim, or such duties have been excused or waived by the Defendant, prior to bringing this action.

19. As a result of the Defendant's actions, the Plaintiff has been required to retain the services of legal counsel and is obligated to pay a reasonable fee for legal services and the Defendant is obligated for those fees pursuant to Florida Statute §627.428.

## **COUNT I - DECLARATORY RELIEF**

Plaintiff adopts and incorporates paragraphs 1 through 19 above as if fully set forth herein.

20. This is an action for declaratory relief, pursuant to section 28 USC § 2201, and Rule 57 of the Federal Rules of Civil Procedure, with respect to the interpretation and construction of the rights, obligations, and duties contained in a commercial property insurance policy.

21. Policy numbers CPR14E017203 and CPR15E017204 provide insurance coverage for the loss.

22. The Insured has made a claim under the insurance policies issued by Defendant and the Defendant has failed to make payment.

23. The insurance policies provide:

WHAT MUST BE DONE IN CASE OF LOSS

...

5. Records - - "You" must produce records, including tax returns and blank microfilms of all canceled checks relating to value, loss, and expense and permit copies and extracts to be made of them as often as "we" reasonably request.

24. The Defendant has requested documentation regarding the claim and loss and Plaintiff has produced the records to which Defendant is entitled.

25. The Insured seeks a determination from the Court that the insured has fully complied with the terms of the policies by providing the information outlined.  The insured further seeks a determination from the Court that there is coverage under the above

referenced policies for the loss sued upon.

26. The Insured is in doubt of its rights and obligations under the policy of insurance and there is an actual, present and bonafide need for this declaration.

WHEREFORE, Plaintiff, PORT CONSOLIDATED, INC., respectfully requests that this Court declare that the Insured has fully complied with the insurance policy and that the Insured is entitled to coverage for the loss sued upon. The insured further seeks its attorney's fees pursuant to section 627.428, Florida Statutes, costs pursuant to section 57.041, Florida Statutes, and such other relief as this Court deems appropriate.

## **COUNT II - BREACH OF CONTRACT**

Plaintiff adopts and re-alleges paragraphs 1 through 19 above as if fully set forth herein.

27. This is an action for breach of contract.

28. By failing to make payment on the Insured's theft claim, the Defendant has breached the above referenced insurance contracts.

29. The Insured suffered damages as a result of the Defendant's breach of the insurance contracts, including damages suffered as a result of the theft of diesel fuel during the policy periods.

30. As a result of the Defendant's actions, the Plaintiff, PORT CONSOLIDATED, INC., has been required to retain the services of legal counsel and Defendant is obligated to pay a reasonable attorney's fees and costs pursuant to sections 627.428 and 57.041, Florida Statutes.

WHEREFORE, the Plaintiff, PORT CONSOLIDATED, INC., demands entry of a judgment in its favor and against Defendant for damages and interest, attorney's fees

pursuant to section 627.428, Florida Statutes, costs pursuant to section 57.041, Florida Statutes, and such other relief as this Court deems appropriate.

## **COUNT III- REFORMATION**

Plaintiff adopts and re-alleges paragraphs 1 through 19 above as if fully set forth herein.

31.   INTERNATIONAL INSURANCE COMPANY OF HANNOVER, PLC, issued several policies of insurance to the Insured in Broward County, Florida. Policy No. CPR14E017203 was in effect from January 1, 2014 to January 1, 2015.  A copy of what has been represented by Defendant HANNOVER to constitute said policy is attached hereto as Exhibit A.

32.   The insurance policy should have been issued with blanket coverage.

33.   However, due to a mutual mistake on the part of the Defendant, the policy was not issued with blanket coverage.

34.   Through a mistake in reducing the agreement to writing the contract fails to reflect the actual agreement of the parties and fails to reflect the terms as agreed upon by the parties.

35.   Due to a mistake of the Defendant the policy was not issued with the correct terms.

36.   The policy should be reformed to reflect the agreement between the parties.

37.   The Insured suffered damages as a result of the Defendant's incorrect issuance of the policy including obtaining a policy with lesser coverage than what should have been issued. .

38.   As a result of the Defendant's actions, the Plaintiff, PORT CONSOLIDATED,

INC., has been required to retain the services of legal counsel and Defendant is obligated to pay a reasonable attorney's fees and costs pursuant to sections 627.428 and 57.041, Florida Statutes.

WHEREFORE, Plaintiff, PORT CONSOLIDATED, INC., respectfully requests that this Court reform the policy.  The insured further seeks its attorney's fees pursuant to section 627.428, Florida Statutes, costs pursuant to section 57.041, Florida Statutes, and such other relief as this Court deems appropriate.

## COUNT IV- DECLARATORY RELIEF

Plaintiff adopts and re-alleges paragraphs 1 through 19 above as if fully set forth herein.

38.    This is an action for declaratory relief, pursuant to section 28 USC § 2201, and Rule 57 of the Federal Rules of Civil Procedure, with respect to the interpretation and construction of the rights, obligations, and duties contained in a commercial property insurance policy.

39.    INTERNATIONAL INSURANCE COMPANY OF HANNOVER, PLC, issued several policies of insurance to the Insured in Broward County, Florida. Policy No. CPR14E017203 was in effect from January 1, 2014 to January 1, 2015.  What has been represented to constitute the policy is attached hereto as Exhibit A.   Policy No. CPR15E017204 was in effect from January 1, 2015 to January 1, 2016.  What has been represented to constitute that policy is attached as Exhibit B.

40.    The Insured is in doubt of its rights and obligations under the policy of insurance and there is an actual, present and bonafide need for this declaration.

41.    The Insured is in doubt as to the coverage limits that apply and whether the

coverage is on a blanket basis.

42. The Insured is in doubt as to which policy forms are included in the policy.

WHEREFORE, Plaintiff, PORT CONSOLIDATED, INC., respectfully requests that this Court declare that there is a blanket policy limit for the loss of fuel contents under the policies and to declare that the policy is ambiguous as to the limit for such losses. The insured further seeks its attorney's fees pursuant to section 627.428, Florida Statutes, costs pursuant to section 57.041, Florida Statutes, and such other relief as this Court deems appropriate.

## JURY TRIAL

Plaintiff, the Insured, demands a trial by jury on all issues so triable as a matter of right.

**BERNSTEIN · CHACKMAN · LISS**
Counsel for Plaintiff
4000 Hollywood Blvd., Suite 610 North
Hollywood, Florida 33021
(954) 986-9600 - Telephone
(954) 929-1166 - Facsimile

By: */s/ Steven J. Chackman*
    **Steven J. Chackman**
    Florida Bar No.: 376851
    schackman@bernstein-chackman.com
    mfalla@bernstein-chackman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **22nd** day of March, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jay B. Green, Esq.
Ilana Green Kellner, Esq.
Green & Ackerman, P.A.
1200 North Federal Highway
Suite 301
Boca Raton, FL 33432


Edward M. Koch, Esq.
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
koche@whiteandwilliams.com
Marchianoh@whiteandwilliams.com

*Pro hac vice*

G:\WP\MC-12175\complaint amended for filing.wpd