EXHIBIT "C"

# John J. Ferrante
### Attorney at Law
Ferrante Law Office
705 Planters Row
Wilmington, NC 28405
Admitted in North Carolina & Massachusetts
Tel. (978) 360-1805 * Fax. 910-679-4366

July 1, 2015

**Via USPS Priority Mail w/ Delivery Notification**

| | |
|---|---|
| Donald R. Carlton, Jr. | Donald R. Carlton, Jr. |
| President | President |
| Port Consolidated, Inc. | Port Consolidated, Inc. |
| 3141 SE 14 Avenue | P.O. Box 350430 |
| Fort Lauderdale, FL 33316 | Fort Lauderdale, FL 33335 |

**Claim No.:** EIHH-0356A9
**Insured:** Port Consolidated, Inc.
**Alleged Loss Date:** February 10, 2015
**Policy:** CPR14E017203 (1/1/14 to 1/1/15)
CPR15E017204 (1/1/15 to 1/1/16)
**Insurer:** International Insurance Company of Hannover SE

Dear Mr. Carlton:

This is to update the above Insured regarding the status of the investigation of the above-referenced Claim. As previously communicated to the above Insured in writing, International Insurance Company of Hannover SE ("Insurer") is commencing its investigation of the above Claim under a full and complete *Reservation of Rights*.

Since the above alleged loss date, the Insurer has commenced its investigation of the Claim and the following actions have occurred relative thereto:

1. On or about February 19, 2015, the Insurer was informed by a representative of the Insured (i.e., Insurance Office of America, Inc. of Ft. Lauderdale, FL) that the Insured was asserting a claim based on an alleged loss of an unknown quantity of diesel fuel from the Insured's premises in Riviera Beach, FL;



*Port Consolidated, Inc.* *July 1, 2015*

2. Since February 19, 2015, the Insured has not substantiated or proven a loss or the amount or dates thereof;

3. The Insured did not initially report the alleged loss to the local police authority in Riviera Beach, FL;

4. On March 5, 2015, the Insurer received from a representative of the Insured (Insurance Office of America, Inc. of Ft. Lauderdale, FL) a "Theft Claim Narrative" and an "Evidence of Theft" prepared by such representative;

5. On March 9, 2015, the Insurer first mailed by certified mail return receipt requested to the Insured a full and complete *Reservation of Rights* letter under the above Policy, which was returned to the Insurer undelivered. On March 17, 2015, April 1, 2015 and April 16, 2015, the Insurer mailed the same letter again by certified mail return receipt requested. The Insured received this full and complete *Reservation of Rights* letter on March 31, 2015 and on April 14, 2015;

6. After the Insured was informed that the above Policy required it, the Insured reported the alleged loss to the police authority in Riviera Beach, FL on March 16, 2015;

7. On April 14, 2015, the Insurer received a copy of the preliminary report of the local police authority in Riviera Beach, FL;

8. On or about May 18, 2015, an employee/officer of the Insured, Donald R. Carlton, Jr., President, and Michael Simmons, a person representing to be the sole owner of the Insured, both verbally made representations and provided preliminary information to the Insurer about the Claim;

9. On or about June 9, 2015, the Insured provided to the Insurer a Toshiba Model v63700-C 1.0 TB external hard drive Serial No. 25N7PRC764A, which the Insured represented contains copies of video recordings taken by the Insured of the activity during a specified timeframe when the Insured alleges the loss(es) occurred at the Insured's premises in Riviera Beach, FL;

10. The Insurer has not accessed the Toshiba external hard drive because it requires companion software to facilitate access and possibly additional guidance/explanation from the Insured;

11. The Insured represented that the above Toshiba external hard drive contains a copy of the Insured's video files, that these original video files are still on a digital video recorder at the Insured's offices and the Insured does retain original videos in a secure manner for future reference;

*Port Consolidated, Inc.*                                                                                                         *July 1, 2015*

12. On June 24, 2015, the Insurer's Adjuster Stephen Toli responded to a telephone inquiry from Michael Simmons and verbally informed Mr. Simmons, that I would be involved in the investigation of this claim solely on behalf of the above Insurer; and

13. On June 24, 2015, I informed Mr. Simmons that I would be assisting the Insurer during its investigation of the above Claim, that this investigation would take additional time and require the Insurer to obtain and consider additional documents and information before it may make any decision on the above Claim, and that the full and complete *Reservation of Rights* letter previously sent to the Insured would remain in effect.

The Insured should expect to receive from the Insurer prior to July 30, 2015 specific written requests for documents and other information, as authorized by the terms of the above Policy (see p. 25 of 31). The Insurer may also request and obtain from third parties additional information and documentation to assist in this investigation before a final decision may be made concerning the above Claim. It is important that the Insured cooperate fully with these requests and that the Insurer receive all requested additional information, whether from the Insured or from third parties, so the investigation of this Claim may proceed promptly. The Insurer will continue to keep the Insured advised as the investigation of this Claim continues.

Any further action the Insurer takes relative to investigation or handling of this Claim should not be construed as a waiver, invalidation, prejudice or relinquishment of any rights or defenses the Insurer may possess. Should the Insured have any question regarding the status of this Claim at any time, please do not hesitate to contact Mr. Stephen Toli, York Risk Services Group, Inc., the adjuster handling this Claim on behalf of the Insurer.

It is important that you understand that I am not the legal counsel or representative for the Insured and in no capacity do I represent the Insured. I am legal counsel for only the above Insurer in this ongoing investigation.

Nothing contained in this letter in any way waives or voids any of the terms or conditions of the above Policy or any applicable policy of insurance issued by the Insurer, and the above Insurer will continue to insist upon full compliance by the Insured with all policy terms and conditions and continues to reserve all rights relative to the Insured's submission of this Claim. This letter in no way supersedes or waives in any manner any of the terms and conditions of any applicable policy of insurance issued by the Insurer to the above Insured.

Very truly yours,

John J. Ferrante, Esq.