```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 16-60379-CIV-ZLOCH
```

PORT CONSOLIDATED, INC.,

    Plaintiff,

                                    **O R D E R**

vs.

INTERNATIONAL INSURANCE
COMPANY OF HANNOVER, PLC,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant International Insurance Company Of Hannover, PLC's, Motion For Summary Judgment (DE 111).  The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

## I. Background

    Plaintiff Port Consolidated, Inc. (hereinafter "Plaintiff"), initiated the above-styled cause with the filing of its Complaint (DE 1-2) in the Circuit Court of the Seventeenth Judicial District in and for Broward County.  Said Complaint was removed to this Court by Defendant International Insurance Company of Hannover, PLC (hereinafter "Defendant"). See DE 1.  Plaintiff subsequently filed an Amended Complaint (DE 60).  Plaintiff's Amended Complaint includes four counts.  Count I was dismissed by the Court's Order (DE 104) without opposition from Plaintiff, see DE 82.  In Count II, Plaintiff alleges breach of contract, in Count III, Plaintiff requests reformation of contract, and in Count IV, Plaintiff requests declaratory relief.  The central substantive issue of the above-styled cause, relating to Plaintiff's breach of contract

claim, is whether or not Defendant is obligated to pay Plaintiff for certain losses under an insurance policy issued to Plaintiff by Defendant.

## II. Undisputed Facts

The Court accepts as undisputed the fact that Defendant issued a commercial property insurance policy to Plaintiff, operative from January 1, 2014 to January 1, 2015.[1] The insurance policy provided coverage for property losses suffered by Plaintiff, a fuel distributor. Defendant was to pay only that part of Plaintiff's loss over the deductible of $1,000 in any one occurrence. Plaintiff claims that in 2014 and early 2015, it suffered numerous thefts of fuel when truck drivers exploited an error in the pumping system to pump 100 gallons more than the 75 gallons for which they paid. During this time the price of fuel never exceeded $4 per gallon and no individual theft of fuel caused a loss greater than the $1,000 deductible amount.

## III. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material

---

[1] The following facts are taken from Defendant's Statement Of Material Facts (DE 122), the insurance policy at issue, see DE 112-3, and Plaintiff's Statement Of Material Facts (DE 114).

fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004)(citing Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997))(further citations omitted). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). "If the movant succeeds in demonstrating the absence of a material fact, the burden shifts to the non-movant to show the existence of a genuine issue of fact." Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1313 (11th Cir. 2009)(citing Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993)).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). All justifiable inferences are to be drawn in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### IV. Analysis

The Court will first address the instant Motion (DE 111) as it relates to Count II of the Amended Complaint (DE 60). In its Brief (DE 111-1) in support of the instant Motion (DE 111), Defendant makes two general arguments as to Plaintiff's claim for breach of contract. First, Defendant argues that Plaintiff's losses are of a kind that is excluded under the terms of the insurance policy. Second, Defendant argues that even if the losses are not excluded, they are not covered by the policy because each theft of fuel did not cause a loss of over $1,000, the deductible set by the policy. The Court concludes that Plaintiff's losses did not exceed the deductible, and that it need not consider the exclusion issue.

The above-styled cause comes before the Court under the Court's diversity jurisdiction and concerns an insurance policy issued in the state of Florida to a Florida corporation. There is no indication that the policy is to be governed by the law of any jurisdiction other than Florida. Substantive Florida law therefore applies in the above-styled cause. See Sun Capital Partners, Inc. v. Twin City Fire Ins. Corp., Inc., No. 12-CV-81397, 2015 WL 4648617, at *1 (S.D. Fla. Aug. 5, 2015)(recognizing that state substantive law is applied by a court sitting in diversity jurisdiction and that Florida follows the lex loci contractus rule in choice of law determinations). In addressing the question of whether or not the fuel thefts exceeded the deductible, the Parties cite to cases from other jurisdictions such as Newmont Mines Ltd. v. Hanover Ins. Co., 784 F.2d 127 (2d Cir. 1986) and EOTT Energy Corp. v. Storebrand Internat. Ins. Co., 52 Cal. Rptr. 2d 894 (Cal.

Ct. App. 1996) that do not control in the above-styled cause. Instead, the Court looks to the controlling authority of the Florida Supreme Court in Koikos v. Travelers Ins. Co., 849 So. 2d 263 (Fla. 2003).

In Koikos, the Florida Supreme Court established that under Florida law, courts are to employ the cause theory when determining what constitutes an occurrence in relation to insurance policies. See 849 So. 2d at 273 (adopting the cause theory as opposed to the effect theory). As applied in Florida, an analysis under the cause theory looks to "the independent immediate acts that gave rise to the injuries." Id. The Florida Supreme Court held in Koikos that where a third party shot multiple victims in the insured's restaurant during a single shooting event, each separate shot, which injured separate individuals, was a separate occurrence for insurance purposes. Id. at 272. In that case, the court noted the absence of any contrary provision in the insurance policy that would have precluded the court's application of the cause theory. Id. at 271. The definite legal meaning of occurrence, as established in Koikos, encompasses only the independent immediate act or event that gives rise to a loss. "When words or terms having a definite legal meaning and effect are knowingly used in a written instrument . . . parties thereto will be presumed to have intended such words or terms to have their proper legal meaning and effect, in the absence of any contrary intention appearing in the instrument." KJB Village Property, LLC v. Craig M. Dorne, P.A., 77 So. 3d 727, 731 (Fla. Dist. Ct. App. 2011)(quoting Wilcox v. Atkins, 213 So. 2d 879, 881 (Fla. Dist. Ct. App. 1968)).

Applying this reasoning to the facts of the above-styled cause, it is clear that, absent contrary language in the policy, each act of fuel theft was a discrete occurrence for insurance purposes. If multiple shots in a single shooting event constitute separate occurrences, then separate thefts of fuel on different occasions must certainly be separate occurrences.

The Court now turns to the question of whether or not contrary language in the policy would preclude the ordinary application of the definite legal meaning of occurrence. In its Response (DE 113) in opposition to the instant Motion (DE 111), Plaintiff argues that the word occurrence in the policy either encompasses multiple related incidents or is at least ambiguous. The policy does not define occurrence for the purposes of the coverage at issue. However, other coverage provisions include definitions of occurrence. The supplemental section dealing with unauthorized terminal card access defines occurrence to mean "an unauthorized use or series of unauthorized uses," and the supplemental section covering employee dishonesty provides that an occurrence "involv[es] a single act or a series of related acts." DE 112-3, p. 43, 45. Plaintiff argues that these definitions show that Defendant understands one occurrence to include multiple related incidents and that the term should be understood in this way where it is not explicitly defined. In the alternative, Plaintiff argues that the definitions of occurrence in the policy make the term ambiguous where it is not defined and that because ambiguities should be resolved in favor of the insured, Plaintiff's preferred definition of the term should prevail.

As to Plaintiff's first argument, the Court notes that the inclusion of particular definitions in some sections of a policy should not necessarily be read to govern the entire policy. Florida law provides that contracts are to be read as a whole, and phrases isolated from their context should not be improperly used to interpret an entire document. Socas v. Northwestern Mut. Life Ins. Co., 829 F. Supp. 2d 1262, 1266 (S.D. Fla. 2011)(collecting cases). To insert language contrary to the standard meaning of a term in some sections of a policy dealing with discrete coverage provisions overrules the default definition for those sections, but it does not overrule that definition for the entire policy.

A thorough reading of the entire policy is instructive. A comprehensive set of 36 definitions, not counting those added by endorsements, is included in the definition section of the policy, and the definition of the word occurrence is not among them. See id. at 10-15. By the Court's count, the word occurrence appears over 40 times throughout the policy. See DE 112-3. A specific definition of the term is provided in only three instances, for three coverage areas: terminal card access, money and securities, and employee dishonesty. See id. at 43-45. The Court notes that these definitions are included in a supplemental section of the policy and that no language is included stating that said definitions are intended to modify anything in the core property coverage segment of the policy. In each of these three provisions, the term occurrence is defined to include multiple related incidents. In other coverage provisions, the word is used without this qualifier. For example, the coverage provision for loss to

outdoor trees and other plants simply states "The most 'we' pay for loss to trees, shrubs, and plants in any one occurrence is $50,000." Id. at 23.  Provisions dealing with losses to a variety of materials, from personal effects, to pipes, to fine art, among other covered items, are similar in their use of the word occurrence without any accompanying definition.  See id. at 22, 23, 25.  It would make little sense for the word occurrence to have the meaning that Plaintiff claims it does for the entire policy.  That meaning is only specifically articulated in discrete sections dealing with particular kinds of coverage while the word is not so defined throughout the rest the policy, which so frequently employs this important term.

If anything, the explicit articulation of an alternative definition in one part of a policy suggests that the default definition is otherwise operative.  An analogy may be drawn to federal statutory grants of authority. "Where Congress has consistently made express its delegation of a particular power, its silence is strong evidence that it did not intend to grant the power." Marshall v. Gibson's Prod., Inc. of Plano, 584 F.2d 668, 676 (5th Cir. 1978)(quoting Alcoa Steamship Co. v. Fed. Mar. Comm'n, 348 F.2d 756, 758 (D.C. Cir. 1965)).[2]  The policy's silence as to the definition of a term in almost the entirety of the policy and its inclusion of a non-standard definition in a few instances shows that where it is silent, the standard definition should apply.  The most reasonable interpretation of the policy is that,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1980.

for the purposes of the coverage at issue, the word occurrence refers only to specific and immediate causal events.

As to Plaintiff's second argument, the Court does not find the policy at issue to be ambiguous. The Florida Supreme Court states: "If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the another limiting coverage, the insurance policy is considered ambiguous." Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000)(citations omitted). Where a policy is ambiguous, the ambiguity should be resolved in favor of the insured. Id. (citations omitted). However, the mere fact that a policy might conceivably be interpreted in more than one way does not mean that an ambiguity exists. TIG Ins. Co. v. Smart School, 401 F. Supp. 2d 1334, 1342 (S.D. Fla. 2005)(citing Shipner v. Eastern Airlines, Inc., 868 F.2d 401, 409 (11th Cir. 1989)(Clark, J., dissenting)). The key inquiry is whether or not multiple interpretations are reasonable. See Auto-Owners, 756 So. 2d at 34. The Court must interpret a policy according to its plain meaning where possible and not find ambiguities where there are none. See Intervest Cost. of Jax, Inc. v. General Fidelity Ins. Comp., 133 So. 3d 494, 497 (Fla. 2014)(explaining that courts must look first to plain meaning and the ordinary rules of construction).

The Court finds that the plain meaning of occurrence in the policy, where not accompanied by a definition, does not encompass discrete incidents with separate immediate causes. The fact that an alternative definition of occurrence is found in some segments of the policy dealing with particular kinds of losses should not be

read to make the meaning of occurrence in the rest of the policy ambiguous. It is not reasonable to interpret the policy such that one occurrence, where undefined, includes separate incidents. The Court can determine the correct meaning of the term, and it will not strain to find an ambiguity where one does not exist. The particular thefts committed on each occasion by individual truck drivers were the independent immediate acts that caused Plaintiff's losses. Therefore, each incident of theft is a separate occurrence for the purposes of the insurance policy.

It is undisputed that Plaintiff's losses from each individual act of theft did not exceed the policy deductible. Therefore, because each theft constitutes a singular occurrence under the policy, Defendant is not required to pay Plaintiff for its losses from the fuel thefts. Plaintiff's claim for breach of contract in Count II of the Amended Complaint (DE 60) cannot survive. The instant Motion (DE 111) will be granted as to Count II.

As to Counts III and IV of the Amended Complaint (DE 60), it is not clear if the issues in said Counts have been resolved. Count III consists of Plaintiff's request for reformation of the insurance policy at issue such that it is reformed to include blanket coverage. Count IV requests declaratory judgment regarding blanket coverage and requests that the Court declare that the limits for fuel losses are ambiguous. The Court notes that the relief requested in Counts III and IV would not change the meaning of occurrence for the purpose of Plaintiff's breach of contract claim in Count II, nor would it change the applicable deductible amount. A Stipulation (DE 68) filed herein by both Parties reports

that the Parties agree on the substantive issues involved in Counts III and IV.

The Parties disagree about how the Court should address Counts III and IV. In its Brief (DE 111-1) in support of the instant Motion (DE 111), Defendant argues that due to the Stipulation (DE 68), the matter is no longer justiciable and requests summary judgment in its favor as to Counts III and IV of the Amended Complaint (DE 60). In its Response (DE 113) to the instant Motion (DE 111), Plaintiff argues that by agreeing to the Stipulation (DE 68) Defendant in fact admits that Plaintiff should prevail on Counts III and IV. Plaintiff argues that it should be awarded attorney's fees for the work relating to those Counts. In addition to questions raised by the Stipulation (DE 68), it is not clear that Counts III and IV may stand alone without the substantive breach of contract claim with which the court disposes in this Order. The Court will require the Parties to file briefs as to whether or not Counts III and IV of the Amended Complaint (DE 60) are justiciable in light of the Parties' Stipulation (DE 68) and the Court's entry of summary judgement as to Count II.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, International Insurance Company Of Hannover, PLC's, Motion For Summary Judgment (DE 111) be and the same is hereby **GRANTED** as to Count II of the Amended Complaint (DE 60) and is otherwise **DENIED** without prejudice;

2. On or before noon on Wednesday, March 27, 2019, the Parties shall file a joint status report and inform the Court as to whether

or not there are any pending issues remaining in the above-styled cause;

3. If either Plaintiff or Defendant maintains that issues remain pending in the above-styled cause, the Parties shall file briefs with the Court by noon on Friday, April 12, 2019, stating their positions and argument as to whether or not Counts III and IV of the Amended Complaint (DE 60) are justiciable in light of the Stipulation (DE 68) filed herein by both Parties and the grant of partial summary judgment by this Order; and

4. The Parties' Motions In Limine (DE Nos. 123, 124, 126, 127, 128, & 129) be and the same are hereby **DENIED** without prejudice and with leave to re-file if the Parties consider such re-filing to be necessary following the entry of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___21st___ day of March, 2019.

                                          WILLIAM J. ZLOCH
                                          Sr. United States District Judge

Copies furnished:

All Counsel of Record